FILED
United States Court of Appeals
Tenth Circuit

October 26, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LOUIS E. RIVELLI; RODNEY B.
JOHNSON; STEPHEN G. BURKE;
TERESA W. AYERS; CRAIG L.
STEVENSON; ROBERT T.
HOFFMAN,

      Plaintiffs-Appellants,

v.

TWIN CITY FIRE INSURANCE
COMPANY, an Indiana corporation,

      Defendant-Appellee.

No. 08-1480
(D.C. No. 1:08-CV-01225-RPM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

Plaintiffs filed this diversity case arising under Colorado law to compel the

continued advancement of defense costs under an excess Directors and Officers

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(D&O) liability insurance policy provided by defendant Twin City Fire Insurance Company ("Twin City"). Plaintiffs appeal from the district court's order denying their motion for a preliminary injunction and partial summary judgment on their claim for declaratory relief and granting Twin City's cross-motion for summary judgment. The district court certified its decision on this claim for appeal under Fed. R. Civ. P. 54(b). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

Plaintiffs were directors or officers of Fischer Imaging Co., a firm that carried D&O insurance. Federal Insurance Company ("Federal") provided Fischer $5 million in primary D&O coverage, and Twin City initially provided Fischer $2.5 million in excess D&O coverage. In April 2002, plaintiffs renewed their Twin City policy and increased their excess coverage by another $2.5 million. In order to obtain the "top" $2.5 million in coverage, Fischer supplied Twin City with a Warranty Letter representing that "[n]o person or entity for whom this insurance is intended has any knowledge or information of any act, error, omission, fact or circumstance which may give rise to a claim which may fall within the scope of the proposed insurance detailed above." Aplee. Supp.

App., Vol. 1, at 127.[1]  The Warranty Letter further stated that it was "AN

EXPRESS WARRANTY FOR ALL INSUREDS[.]"  *Id.*

Fischer was sued by stockholders in April 2003.  One of these actions was

voluntarily dismissed; the other action was dismissed by the district court after

two years of litigation and was not refiled.  In June 2005, the Securities and

Exchange Commission (SEC) filed a civil enforcement action against plaintiffs

alleging securities fraud.  *SEC v. Rivelli*, No. 05-cv-01039-RPM-MJW, Doc. 1.

In May 2008, the SEC filed its first amended complaint, asserting that from

January 2000 through September 2002, plaintiffs engaged in a scheme to

fraudulently inflate the company's stock price for their personal enrichment by

repeatedly and improperly recognizing revenue from sales contrary to Generally

Accepted Accounting Principles, by materially misstating its financial reports,

and by misleading outside auditors to hide their accounting improprieties.

*See generally id.*, Doc. 113.

In defending against these suits, plaintiffs have used all $5 million of their

primary D&O insurance provided by Federal, and they have also used the original

---

[1]     The Warranty Letter was originally signed on May 1, 2002, by Fischer's
then-Chief Financial Officer ("CFO"), defendant Rodney B. Johnson, and by
Fischer's then-Chief Executive Officer ("CEO"), Gerald Knudson, who is not a
party to this suit.  *See id.*  At some point, Mr. Johnson's signature was crossed
out, and the signature of defendant Stephen G. Burke was added as "EVP"
(Executive Vice President) and CFO.  *See id.*  Mr. Burke became Fischer's EVP
and CFO in October 2002.  *See SEC v. Rivelli*, No. 05-cv-01039-RPM, Doc. 113,
at 4 ¶ 10.

$2.5 million in excess D&O insurance provided by defendant Twin City. Both Federal and Twin City paid these amounts under a reservation of rights to challenge these payouts later, as allowed by Colorado law. *See Pompa v. Am. Family Mut. Ins. Co.*, 520 F.3d 1139, 1145-46 (10th Cir. 2008). Twin City concedes that the SEC's amended complaint obligated it to advance defense costs, in the absence of the "prior knowledge" exclusion in the Warranty Letter applicable to the "top" $2.5 million. *See* Aplee. Br. at 14, 16. Twin City refused to pay the $2.5 million increase based on the exclusionary language added to the policy in April 2002, however. Twin City asserts that the SEC's complaint and amended complaint show that when Fischer increased its excess D&O coverage in April 2002, plaintiffs had been fraudulently inflating reported company revenues for over a year. *See* Aplee. Br. at 1, 6.

Plaintiffs filed this suit, and the parties eventually filed their cross-motions for summary judgment on the issue of whether Twin City is obligated to advance to plaintiffs the $2.5 million increase in excess liability coverage. The district court held that the exclusion in the Warranty Letter was triggered by the allegations in the SEC's amended complaint that, "when read together, show that [plaintiffs] Rivelli and Johnson knew of wrongful activities at Fischer that could give rise to a claim under the Twin City Policy before May 1, 2002." *Rivelli v. Twin City Fire Ins. Co.*, No. 08-cv-01225-RPM, 2008 WL 5054568, at *8 (D. Colo. Nov. 21, 2008) (unpublished). The court concluded that Twin City was

therefore not obligated to advance the "top" $2.5 million in defense costs. Because plaintiffs' other claims did not depend on the exclusion-of-coverage issue, the court certified the issue for appeal under Fed. R. Civ. P. 54(b).

## II.

We review the grant of summary judgment de novo, applying the same legal standard as the district court applied under Fed. R. Civ. P. 56(c). *Pompa*, 520 F.3d at 1142. A summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c). In making this determination, "[w]e view the evidence and draw *reasonable* inferences therefrom in the light most favorable to the nonmoving party." *Weigel v. Broad*, 544 F.3d 1143, 1151 (10th Cir. 2008) (quotation omitted) (emphasis added).

The parties agree that Colorado law governs this dispute. The district court correctly stated that, "[i]n coverage disputes, the insured has the burden of proving that an asserted claim comes within the coverage of the policy, and the insurer has the burden of proving that the facts fall within the policy's exclusions." *Rivelli*, 2008 WL 5054568, at *4 (citing *Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1090 (Colo. 1991) (en banc)). The district court also correctly noted that "Twin City does not dispute that the claims asserted by

the SEC fall within the coverage provided by the Twin City Policy. The issue is whether the exclusion set forth in the Warranty Letter applies to exclude the 'top' $2.5 million of coverage, thereby relieving Twin City of any obligation to pay additional defense costs." *Id.* Under the so-called Colorado "complaint rule," "the insurer's duty to defend is determined by examination of solely the policy and the complaint[ filed against the insureds]." *Pompa*, 520 F.3d at 1145.[2] To avoid coverage, "an insurer must establish that the exemption claimed applies in the particular case, and that the exclusions are not subject to any other reasonable interpretations." *Hecla*, 811 P.2d at 1090. In light of the exclusionary language of the Warranty Letter, Twin City "has a duty to defend unless [it] can establish that the allegations in the complaint [made against any one of the insureds] are solely and entirely within the exclusions in the insurance policy." *Id.*

Plaintiffs argue that the district court did not properly apply Colorado's complaint rule in determining that Twin City was excused from advancing the "top" $2.5 million in defense costs under their D&O liability policy because: (1) the district court assumed the existence of disputed matters not alleged in the SEC's amended complaint; (2) the district court failed to adopt a reasonable

---

[2] Twin City argues that, for purposes of the complaint rule, there is a distinction between a duty to defend and a duty to advance defense costs. Aplee. Br. at 18 n.10, 26. Twin City waived any distinction, however, by stating that it "will assume, as it did below, that the legal standard for determining the existence vel non of a duty to advance defense costs is the same as that governing the duty to defend." *Id.* at 23 n.12.

construction of ambiguous language in the exclusion in the Warranty Letter;

(3) the district court construed alternative and contradictory allegations in the

SEC's amended complaint as establishing that the claims were solely and entirely

within the prior knowledge exclusion; and (4) the district court failed to

acknowledge that the claims stated in the complaint in the underlying SEC action

could be satisfied by mere negligence or recklessness insufficient to trigger the

policy exclusion, not knowing conduct.  Plaintiffs also argue that:  (5) the district

court erred in determining that the word "claim" in the prior knowledge exclusion

is broader in meaning than a single claim for relief; and (6) the district court

incorrectly "held that the existence of *any* allegation of fact raising an inference

of knowing wrongdoing establishes a prior knowledge exclusion as a matter of

law, and eliminates a duty to defend in its entirely[,]" Aplt. Opening Br. at 31.

We reject plaintiffs' assertions of error.

First, plaintiffs argue that the district court did not properly apply

Colorado's complaint rule because "the District Court assumed the existence of

disputed matters not alleged in the [SEC's amended complaint]."  Aplt. Opening

Br. at 2.  In arguing this issue, plaintiffs assert that Twin City relied on  "matters

developed in discovery in the Underlying SEC Action[.]"  *Id.* at 17.  Twin City

asserts that this argument is a "sideshow" because the district court did not rely

on extrinsic evidence.  Aplee. Br. at 27.  We agree with Twin City.

We have carefully reviewed the district court's decision and are confident that the court confined its legal analysis to the allegations in the SEC's amended complaint. The court stated that it was required to review the four corners of the SEC's amended complaint "without resort to extrinsic evidence." *Rivelli*, 2008 WL 5054568, at *5. The court then outlined in great detail the allegations from the SEC's amended complaint upon which it based its conclusion that "[t]hese allegations and others, when read together, show that [plaintiffs] Rivelli and Johnson knew of wrongful activities at Fischer that could give rise to a claim under the Twin City Policy before May 1, 2002." *Id.* at **6-8. Twin City points out that the SEC's allegations specifically reference wrongful actions done before May 1, 2002. *See, e.g.*, *SEC v. Rivelli*, No. 05-cv-01039-RPM, Doc. 113, at 15 ¶ 44-17 ¶ 46. Plaintiffs point to the district court's reference to extrinsic evidence upon which *Twin City's counsel* relied in a letter notifying plaintiffs' counsel that Twin City would not pay plaintiffs the $2.5 million increase in coverage. Aplt. Opening Br. at 17 (citing *Rivelli*, 2008 WL 5054568, at *3). That passing reference—in the court's summary of the procedural history—does not convince us that the court improperly relied on any extrinsic evidence when it granted summary judgment to Twin City. We reject plaintiffs' first contention of error.

Second, plaintiffs argue that the district court did not properly apply Colorado's complaint rule because the court failed to adopt a reasonable

construction of ambiguous language in the exclusion in the Warranty Letter. Plaintiffs argue that the court improperly interpreted the exclusion to have been triggered by "what an insured objectively should have known, or had reason to believe[.]" Aplt. Opening Br. at 18. We note that Twin City's argument that plaintiffs failed to raise their ambiguity argument in the district court is without merit. *See* Aplee. Supp. App., Vol. 1, at 45-46. We do not agree that the district court erred, however.

We have reviewed the contested language in the Warranty Letter and conclude that it is not ambiguous. We accept plaintiffs' contention that the exclusion clearly calls for a subjective standard to be applied, but we hold that the district court properly interpreted it under a subjective standard. As we indicated above, the Warranty Letter states that it is "AN EXPRESS WARRANTY FOR ALL INSUREDS." Aplee. Supp. App., Vol. 1, at 127. It also states: "No person or entity for whom this insurance is intended has any knowledge or information of any act, error, omission, fact or circumstance which may give rise to a claim which may fall within the scope of the proposed insurance detailed above." *Id.* The exclusionary language thus unambiguously refers to the "insureds" and *their* "knowledge or information of any act, error, omission, fact or circumstance which may give rise to a claim." *Id.*

Plaintiffs incorrectly conclude that the district court used an objective, "reasonable person" knowledge standard, rather than the required subjective

knowledge standard of the insured. As we have already noted, the district court outlined in great detail plaintiffs' subjective knowledge of facts that indisputably could give rise to a claim under the policy, as alleged in the SEC's amended complaint. *See Rivelli*, 2008 WL 5054568, at **6-8. While the district court did not use the term "subjective knowledge" when it recounted the allegations, its reliance on those allegations about each director's or officer's knowledge about and participation in Fischer's irregular accounting practices establishes that the court properly applied a subjective knowledge standard. In addition, we agree with Twin City that even if "the court improperly strayed into 'objective' territory when examining *one* appellant's knowledge, appellants have nothing to say about the extensive list of *all of the other* appellants' actual, subjective knowledge at the time the Warranty Letter was signed of information that could give rise to a claim under the Twin City policy." Aplee. Br. at 21-22. Plaintiffs "never address this litany of facts." *Id.* at 29.

Third, plaintiffs argue that the district court did not properly apply Colorado's complaint rule because the court construed alternative and contradictory allegations in the SEC's amended complaint as establishing that the SEC's claims were solely and entirely within the prior knowledge exclusion. They assert that "[t]here is nothing that suggests that the Insureds, or any reasonable insured, had or could have an expectation that Twin City's obligation to advance defense costs up to the full $5 million policy limit could be summarily

excused by disputed, inconsistent and potentially frivolous allegations, the proof of which would not be necessary to the establishment of any claim." Aplt. Opening Br. at 25. Plaintiffs have not pointed us to these allegedly inconsistent, contradictory, or frivolous allegations, however, nor have they shown us how any portion of the SEC's allegations could even arguably support a claim separate and apart from the alleged fraudulent scheme. As Twin City points out, the district court explained that the SEC's amended complaint alleged that plaintiffs "directed or participated in a fraudulent scheme involving the improper recognition of revenue for sales transactions having contingent terms contained in side letters that were not disclosed to Fischer's accounting department or outside auditors, and the improper recognition of revenue for sales of equipment shipped to and stored in a Fischer-controlled warehouse." *Rivelli*, 2008 WL 5054568, at \*5. We believe that the district court correctly concluded that the SEC's claims, "when read together," *id.* at \*8, compelled the conclusion that the SEC's allegations were within the exclusion in the Warranty Letter. We are unpersuaded that the district court erred.

Fourth, plaintiffs argue that the district court did not properly apply Colorado's complaint rule because the court failed to acknowledge that the claims stated in the SEC's amended complaint could be satisfied not just by knowing conduct, but by mere negligence or recklessness insufficient to trigger the policy exclusion. In describing this argument, the district court explained that the

-11-

directors and officers claimed that Twin City had to show not only that they knew of the facts related to acts that could give rise to a claim under the policy, but that they "*appreciated* that those facts could give rise to a claim under the policy." *Id.* at *8 (emphasis added).

The district court rejected plaintiffs' argument that the scienter requirement of the SEC's claims for securities fraud was relevant to the interpretation of the exclusion in the Warranty Letter. *See id.* at *9. In responding to plaintiffs' argument, the district court stated that, considering the SEC's allegations, any CEO or CFO

> could not fail to appreciate the potential for liability created by activities such as recognizing income on transactions having contingencies due to disguised side agreements, or recognizing income on products held in a company-controlled warehouse, while the company paid for the storage costs. All of the claims set forth in the SEC's Amended Complaint arise from and incorporate those factual allegations.

*Id.*

It is untenable for plaintiffs to suggest that the allegations in the SEC's amended complaint support a reasonable inference that each and every one of them could have failed to appreciate the potential for liability from the actions they are alleged to have taken prior to May 1, 2002. As Twin City points out, the allegations in the SEC's amended complaint are overwhelming in outlining what plaintiffs knew at the time they entered into the Warranty Letter. *See* Aplee. Br. at 33.

-12-

Furthermore, under the exclusionary language, it does not matter what the insureds believed, only what the SEC's amended complaint alleged they knew. Plaintiffs have incorrectly equated the mens rea (scienter) requirement of the SEC's securities fraud claims with the mens rea requirement of the exclusionary language in the Warranty Letter. The requirements are different. The exclusion requires only that the insureds had knowledge or information that could give rise to a claim under their insurance policy. As we have already determined, the language does not require that the SEC's allegations show that plaintiffs appreciated that what they are alleged to have known could give rise to a claim.

Fifth, we reject as moot plaintiffs' contention that the district court erred in determining that the word "claim" in the prior knowledge exclusion is broader in meaning than a single claim for relief. As Twin City puts it, the district court simply found it "beyond belief, not to mention belied by the plain facts of the Complaint[,]" that plaintiffs maintained that Rivelli and Johnson could have failed "to appreciate the potential for liability created by" the activities alleged in the SEC's amended complaint. Aplee. Br. at 30; *Rivelli*, 2008 WL 5054568, at *9. And then the court concluded that "[a]ll of the *claims* set forth in the SEC's Amended Complaint arise from and incorporate those factual allegations." *Rivelli*, 2008 WL 5054568, at *9 (emphasis added). Even though the court had decided that the word "claim" had a broader meaning than a single claim for relief, *id.* at *5, its ultimate conclusion was based on the claims the SEC asserted

-13-

against plaintiffs in its amended complaint, not some other, broader, definition of the word "claim," *see id.* at *9.

Finally, we reject plaintiffs' argument that the district court erroneously held that the existence of *any* allegation of fact raising an inference of knowing wrongdoing was sufficient to trigger the prior knowledge exclusion in the Warranty Letter as a matter of law, and did not apply the rule of Colorado law requiring that Twin City "has a duty to defend unless [it] can establish that the allegations in the complaint [made against any one of the insureds] are solely and entirely within the exclusions in the insurance policy." *Hecla*, 811 P.2d at 1090. As we have already explained, the district court plainly based its holding on the allegations in the SEC's amended complaint, "when read together," *Rivelli*, 2008 WL 5054568, at *8, and the court clearly considered both the facts and the claims, *see id.*

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge

-14-